IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville March 18, 2025

## STATE OF TENNESSEE v. JENNIFER RUTH BARBER

**Appeal from the Circuit Court for Montgomery County**
**No. CC-2019-CR-1343     Robert Bateman, Judge**
_____

### No. M2024-00955-CCA-R3-CD
_____

The Defendant, Jennifer Ruth Barber, appeals from the Montgomery County Circuit Court's probation revocation of her eight-year sentence for possession of methamphetamine. On appeal, she contends that the trial court abused its discretion in ordering her to serve her sentence. We affirm the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Roger E. Nell, District Public Defender; and Shelby S. Silvey, Assistant District Public Defender, for the appellant, Jennifer Ruth Barber.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Robert J. Nash, District Attorney General; and Marianne Bell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 2, 2021, the Defendant was convicted, upon her guilty plea, of possession of a firearm during the commission of a felony and possession of methamphetamine. She received a sentence of three years to serve for the firearm possession conviction and eight years' probation for the methamphetamine possession conviction, to be served consecutively. After she completed service of her three-year sentence for the firearm offense, she began probation supervision on May 8, 2022, for her methamphetamine possession conviction. She was arrested on October 21, 2023, and charged with possession of Schedule I drugs, possession of Schedule II drugs, misdemeanor drug possession, evading arrest, reckless endangerment, speeding, driving

while her license was revoked, and criminal conspiracy. Based upon these new charges, a probation violation warrant was issued, charging that she violated two rules of probation related to her failure to obey the law and to her use of intoxicants and possession of drugs.

The matter proceeded to a probation violation hearing, at which the Defendant admitted she had committed the new offense of evading arrest and acknowledged that the only issue before the court was the determination of the consequence of the probation violation.

A Cheatham County Sheriff's deputy testified that he had been involved in a vehicle pursuit when he attempted to stop the Defendant after determining that the person whose license plate was attached to the SUV she was driving had an outstanding warrant. He said the license plate attached to the SUV was for a different vehicle. The Defendant was not the SUV's registered owner. The chase reached speeds "in excess of eighty, ninety mile[s] an hour" in a forty-five-miles-per-hour zone and culminated when the Defendant, who was driving, lost control of the SUV and crashed. The deputy said four people, suspected drugs, and other items were removed from the SUV. He said, "[N]obody admitted to what was in the vehicle; therefore, I charged all four [of the SUV's occupants] with it." He said that this case was still pending in Cheatham County and that he had not yet received the laboratory testing results for the suspected drugs.

The defense called the Defendant's probation officer, who testified that he had supervised the Defendant since September 1, 2023. He said she had passed monthly drug screenings, had reported as directed, and had maintained employment in the construction industry. He said she had been present when home visits were conducted. He noted that he had only personally supervised the Defendant for about one month before her arrest, but he said his testimony was based upon her overall performance while on probation.

The Defendant's former employer, a construction general contractor, testified that the Defendant worked for him for about six months. He said she had been a reliable employee. He acknowledged that he had a developing personal relationship with the Defendant. He said that she could live with him and that he would provide her with transportation upon her release from jail. He said he had never known the Defendant to use drugs. He acknowledged that he had prior misdemeanor convictions and a pending burglary charge but denied current drug use.

The trial court found that the Defendant violated the terms of probation by speeding and evading arrest. The court made these findings:

> [I]t appears that [the Defendant] was released from her [Tennessee Department of Correction] sentence sometime in May of 2022, so about

fifteen months later, she . . . violated the terms of her probation by evading arrest. The facts of that [are] that she was driving a Dodge Durango down River Road in Cheatham County, Tennessee at a high rate of speed . . . . Deputy Creech began pursuit and she evaded arrest, reached a speed of eighty to ninety miles an hour on River Road and then Highway 49, . . . posted speed limit of forty-five miles an hour. She continued speeding and evading arrest until she crashed the car in Ashland City. No dispute that she was the driver, so the Court finds those facts as reasons for considering whether she is a candidate for reinstatement or to serve the balance of her sentence.

The Court takes into account that she served a three-year sentence in prison and within a few months later, she's out violating the law again. The Court believes that she is not a good candidate for probation supervision. The Court does consider all relevant factors as to the eight-year sentence and pretrial credits she has and the Court finds that revocation is appropriate. She is revoked and ordered to serve the balance of her eight-year sentence.

On appeal, the Defendant contends that the trial court abused its discretion in ordering her to serve her sentence, arguing that this is too harsh a consequence for a single misstep, given her otherwise successful efforts to comply with the terms of probation. The State responds that the court did not abuse its discretion in ordering the Defendant's sentence into execution. We agree with the State.

"On appeal from a trial court's decision revoking a defendant's probation, the standard of review is abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court determines that a defendant's probation must be revoked, the court must then decide upon an appropriate consequence. *Dagnan*, 641 S.W.3d at 757. A separate hearing is not required, but the court must address the issue on the record in order for its decision to be afforded the abuse of discretion with a presumption of reasonableness standard on appeal. *Id*. at 757-58.

- 3 -

After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than one year upon making additional findings, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (Supp. 2024), -310 (Supp. 2024).

The Defendant argues on appeal that the trial court failed to consider her undefined "positive acts" and her compliance with the terms of probation until the incident that led to the revocation proceeding. The record reflects that the court considered the time the Defendant served her probation sentence without incident.

The Defendant also argues, without citation to authority, that the trial court failed to consider "whether full revocation would serve the ends of justice or be in the best interests of both the public and the probationer." The court was not required to conduct a separate hearing regarding the consequences of the violation. *See Dagnan*, 641 S.W.3d at 757-58. The trial court made sufficient findings and memorialized its reasoning for its actions on the record. "It is not necessary for the trial court's findings to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." *Id.* at 759. Affording the court a presumption of reasonableness, we conclude that the record supports the court's determination that the Defendant should serve the remainder of her sentence. The court acknowledged that the Defendant had performed satisfactorily on probation for several months. Such was both expected and required by the terms of her probationary sentence. The criminal conduct which formed the basis for the revocation was egregious. By her own admission, the Defendant evaded arrest, and the evidence showed that she drove on public roads at a high rate of speed, which endangered the Defendant, the pursuing officer, and the Defendant's passengers. The Defendant did not yield to the pursuing officer and, instead, was apprehended after losing control of the SUV and crashing. The court was persuaded that, due to the Defendant's failure to comply with the terms of probation within months of her release from her prior incarceration, returning her to probation was not appropriate. The court did not abuse its discretion. The Defendant is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

s/ **Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

- 4 -